# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

JOHN CHANCEY DAVIS,

      Plaintiff,

vs.                                CASE NO.  3:11-cv-973-J-TEM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.[1]

_____

## ORDER AND OPINION

      This case is before the Court on Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(h)(3) (Doc. #21, "Motion to Dismiss").  Defendant argues the Court does not have jurisdiction to consider this matter because Plaintiff received a "fully favorable" decision in the underlying administrative case and/or because Plaintiff did not fully exhaust his administrative remedies.  *See generally*, Motion to Dismiss; (*see also* Doc. #12-2, Social Security Transcript, Notice of Decision-Fully Favorable at Tr. 12-14).[2]  Plaintiff, on the other hand, brought this case seeking federal court review of: (1) the Appeals Council ("AC") decision that denied Plaintiff's request for review of the ALJ's decision, and (2) the ALJ's decision dated May 17, 2011, on the face of which Plaintiff asserts there is reversible

---

      [1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

      [2]Hereafter, the Court will refer to the Social Security Transcript (Doc. #12) as "Tr." followed by the appropriate page number

error (*see* Doc. #1, Complaint).   The authority for judicial review of a decision of the Commissioner of Social Security is set forth in 42 U.S.C. § 405(g).

Plaintiff asserts the AC erred in declining to review the ALJ's decision that failed to reflect Plaintiff's applications for disability benefits dated May 3, 2006 were reopened by the administrative law judge ("ALJ) during the administrative hearing on the April 14, 2009 applications (*see* Doc. #1, Complaint; Doc. #17, Memorandum in Support of Plaintiff's Position (hereafter "Plaintiff's Brief"); Doc. #22, Plaintiff's Response Seeking Denial of Defendant's Motion to Dismiss and/or Motion for Oral Argument (hereafter "Plaintiff's Response")). As the ALJ's decision became the final decision of the Commissioner after the Appeals Council denied review, Plaintiff asserts the ALJ's decision contains reversible error for failure to reflect the reopening.

The Commissioner asserts the Court is without subject matter jurisdiction to consider Plaintiff's appeal.  The Court ordered additional briefing on this matter, which has been filed (*see* Doc. #24, Defendant's Response to the Court's January 4, 2013 Order (hereafter "Defendant's Response")).   The case therefore is ripe for the Court's adjudication.[3]

## Background

On May 3, 2006, Plaintiff protectively filed applications for disability insurance benefits ("DIB") under Title II of the Social Security Act and for supplemental security

---

[3]Both parties consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Reference Order dated January 23, 2012 (Doc. #7).

income ("SSI") disability payments under Title XVI.  Plaintiff's Brief at 2,14.[4]  Plaintiff

alleged disability began on March 31, 1990.  *Id.*  Finding Plaintiff's severe impairments of

degenerative lumbar disc disease, hepatitis B and sarcoidosis did not prevent Plaintiff from

working, ALJ Stephen C. Calvarese denied Plaintiff's applications for disability

compensation by the decision dated November 3, 2008.[5]  *Id.*  On March 9, 2009, Plaintiff's

counsel submitted a letter to the Appeals Council in which he referred to Plaintiff's earlier

filed Request for Review of the ALJ's decision and to "new evidence documenting another

severe impairment"  (Tr. 196).  Plaintiff's counsel again wrote the AC on August 23, 2009,

this time requesting an extension of time to file a Request for Review and to submit

additional evidence regarding Plaintiff's claimed disability (Tr. 197-98).  The record before

the Court does not reflect whether the Appeals Council acted on Plaintiff's Request for

Review.

Plaintiff submitted new applications for DIB and SSI on April 14, 2009.[6]  Complaint

at 1.  Plaintiff again alleged his disability began on March 31, 1990 (*see* Tr. 84, 88).

Plaintiff asserted he was unable to work due to lupus, pulmonary hypertension, hepatitis

B and a bad back (Tr. 110-111). The Commissioner states Plaintiff was found "disabled as

of September 29, 2009, at the initial level of review."  Motion to Dismiss at 2.  The undated

---

[4]Attachment #1 to Plaintiff's Brief contains the Notice of Decision - Unfavorable and the full Decision issued by ALJ Calvarese on November 3, 2008.  Plaintiff's Brief at 10-23.

[5]In this same decision, ALJ Calvarese determined Plaintiff met the non-disability requirements for DIB through December 31, 2011.  Plaintiff's Brief at 16.

[6]According to Plaintiff, ALJ Lisa Martin and the Commissioner, the new applications were filed on April 14, 2009 (*see* Tr. 12-14, 171).  The Court is at a loss to explain why the applications in the administrative record are dated May 1, 2009, and do not refer to a protective filing date (*see* Tr. 84-90).

Notice of Decision to Plaintiff does establish September 29, 2009 as the beginning date for his disability (Tr. 38-40), as do the two Disability Determination and Transmittal forms dated January 14, 2010 (Tr. 28-29).[7]

On February 15, 2010, Plaintiff sought reconsideration of the initial determination, utilizing the Request for Reconsideration form SSA-561-U2 (Tr. 42).  Plaintiff complained he was disabled before September 29, 2009 and attached a letter sent to the Appeals Council.  *Id.*  On May 12, 2010, the SSA mailed Plaintiff its Notice of Reconsideration in which it stated, "After reviewing all the information carefully, we found that our first decision was correct" (Tr. 43-45; *see also* Tr. 30-31).  Thereafter, on May 28, Plaintiff filed the Request for Hearing by Administrative Law Judge (Tr. 46-47).  That hearing was ultimately held before ALJ Lisa Martin on March 17, 2011 (Tr. 21-25).  A few days before the hearing, in accord with a telephone conversation between Plaintiff's counsel and the ALJ's assistant, Plaintiff amended his alleged onset date of disability to March 17, 2007 (Tr. 83). *See* Plaintiff's Brief at 2.

At the administrative hearing, ALJ Martin went on the record, noted Plaintiff was in "pay status" and had been awarded disability benefits as of September 29, 2009, but Plaintiff had appealed the award of benefits asking for an earlier onset date of disability (Tr. 23).  ALJ Martin then stated, "I have – the claimant has amended his onset date from March 31, 1990 to March 17, 2007; and as a result of that, I am going to open up the prior ALJ decision of November 3, 2008, and award benefits as of March 17th 2007" (Tr. 23).

---

[7]Inexplicably, the record contains two Disability Determination and Transmittal forms dated October 20, 2009; on one form it is stated Plaintiff's disability began August 27, 2008 (Tr. 26) and on the other form disability is shown to have begun April 14, 2009 (Tr. 27).

Apparently concurrent with her oral rulings, ALJ Martin completed the ALJ Bench Decision Checksheet–Print Version (Tr. 19-20), which noted the DIB and SSI applications were dated April 14, 2009 and found Plaintiff was disabled as of March 17, 2007 as an amended onset date.  *Id.*  Another form contained within the record, however, is similarly entitled "Bench Decision-Favorable-Initial Adult Decision" (Tr. 17-18).   This form decision is undated,  refers to John Chancey Davis as the Claimant and Lisa B. Martin as the ALJ, and notes the disposition is "**Reversal-Favorable** (FREV)" with the favorable indicator code of "Fully favorable (F).  *Id.* (emphasis added).

The SSA subsequently issued to Plaintiff the Notice of Decision-Fully Favorable dated March 17, 2011 (Tr. 12-14) and the "Important Information" letter dated March 29, 2011.  Plaintiff's Brief at 32-35.  The Important Information letter advised in relevant part,

> We changed the monthly benefit beginning April 2008 because we changed the month when you were first due benefits.
>
> Our records show that you became disabled on March 17, 2007.  By law, we can pay benefits no earlier than 12 months before the month of filing.  Since you filed for benefits on April 14, 2009, monthly payments will begin April 2008.
>
> You are entitled to benefits because of a decision made by the Administrative Law Judge.  If you disagree with this decision, you have the right to appeal. . . . You have 60 days to ask for an appeal. . . . You have to ask for an appeal in writing.  We will ask you to sign a form SSA-561-U2, called "Request for Reconsideration.

*Id.*  On April 20, 2011, Plaintiff filed his request for appeal, noting both the appeal of the award notice dated March 29, 2011 (i.e., the Important Information letter) and the asserted error in the ALJ's short form written decision because the short form decision did not recognize the ALJ had "re-opened the prior case" (Tr. 200).  Going a step further, Plaintiff's

counsel wrote to ALJ Martin on May 4, 2011, recounting his telephone conversation with the ALJ's assistant on March 14, 2011.  Plaintiff's Brief at 37.[8]  In this letter, counsel noted the error with the ALJ's decision dated March 17, 2011 and the appeal thereto, which was hand delivered to the local Social Security office on April 29, 2011.  *Id.*

After accepting additional evidence into the administrative record, the Appeals Counsel denied review on July 26, 2011 (Tr. 1-5).

## **Motion to Dismiss**

Defendant moves to dismiss Plaintiff's appeal for lack of subject matter jurisdiction, asserting that there is no case or controversy as Plaintiff received a "fully favorable" decision finding Plaintiff disabled as of the amended alleged onset date.  Motion to Dismiss at 1, 4-7.  In an apparent alternative argument, Defendant asserts Plaintiff failed to exhaust his administrative remedies, specifically with respect to the calculation of Plaintiff's past-due disability benefits, and thus the Court does not have subject matter jurisdiction because there is no final decision.  Motion to Dismiss at 3, 7-13.  The Court finds the facts belie Defendant's arguments.

**Standard of Review**

When challenging subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), as here, a party may make either a facial attack or a factual attack.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir.1990).  "Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of

---

[8]Although this letter, like the November 4, 2008 ALJ decision, was not included by the Commissioner in the administrative (transcript) record filed with the Court, this evidence has been submitted into the record of this federal appeal.  Defendant has not questioned or challenged the authenticity of the submitted documents.

subject-matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (citations omitted).  Factual attacks challenge the very existence of subject-matter jurisdiction, irrespective of the pleadings.  *Id.*  Here, Defendant argues the Court is without authority to consider to consider the complaint.  With this factual attack to the Court's subject matter jurisdiction, materials outside the pleadings, such as testimony and affidavits, may be considered.  *See id.* (citations omitted).  If the Court lacks subject matter jurisdiction, it must dismiss the action.  See Fed. R. Civ. P. 12(h)(3).

**Analysis**

In this case, Plaintiff seeks review of both the ALJ's decision and the Appeals Council's denial of review of the ALJ's decision.  *See generally*, Complaint.  Title 42, U.S.C. § 405(g) limits a federal district court's review of claims for DIB arising under Title II of the Social Security Act.  The court generally does not have subject matter jurisdiction over such appeals unless the party seeking review has exhausted his administrative remedies as set forth in the Social Security Act.  A civil action may be brought only after: (1) the claimant has been party to a hearing held by the Commissioner of Social Security; and, (2) the Commissioner has made a final decision on the claim.  *See* 42 U.S.C. § 405(g).  A claimant obtains the Commissioner's "final decision" after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review.  *See* 20 C.F.R. § 404.900(a); *Schweiker v. Chilicky*, 487 U.S. 412, 424-25 (1988).

In this case, Plaintiff was clearly a party to a hearing held before an administrative law judge, who stands as the Commissioner's representative.  Plaintiff is in possession of a "final decision" of the Commissioner as he received an initial determination (Tr. 28-29, 38-40),  a reconsideration determination (Tr. 30-31, 43-45), a hearing before an ALJ (Tr. 21-25), and Appeals Council review (Tr. 1-5).  It is the short form decision of the ALJ that Plaintiff challenges is in error and claims that error has improperly deprived Plaintiff of past due disability benefits from the date on which he was in fact found to be disabled under the Social Security Act.  The Court agrees.

The Commissioner's argument that no case or controversy exists in this matter because Plaintiff received a "fully favorable" decision below is without merit.   As demonstrated by the facts of this case, calling a decision fully favorable does not necessarily make it so.  At the crux of the controversy in this case is whether the ALJ who held the March 2011 hearing reopened the Commissioner's earlier decision to deny Plaintiff's disability claims. Whether the November 2008 decision was reopened greatly impacts the amount of Plaintiff's retroactive past-due benefits.  *See* 20 C.F.R. § 404.622 (for explanation of formulas used to calculate past-due benefits payable to the disabled party).

When an administrative law judge or the Appeals Council explicitly declines to reopen an earlier decision, the Court is without jurisdiction to consider the decision not to reopen. *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977); *Bello v. Comm'r of Soc. Sec.*, 460 Fed. Appx. 837, 840 (11th Cir. 2012) (noting the denial of a request to reopen a prior final determination is not an initial determination itself and thus is not subject to the

8

administrative review process).  Such a circumstance is not present in this case, however. Here, ALJ Martin explicitly stated the reopening of the November 4, 2008 decision of ALJ Calvarese's denial of Plaintiff's disability claims (*see* Tr. 23).

Regulations promulgated by the Social Security Administration provide reopening of an earlier decision or determination may occur within twelve months for any reason, within four years for good cause, and at any time for specifically enumerated reasons, which includes correction of clerical error on a decision that was fully or partially unfavorable to a party.  *See* 20 C.F.R. §§ 404.987, 404.988, 404.989.  While a party may request reopening of an earlier decision, the Commissioner may reopen on her own initiative.  20 C.F.R. § 404.987.

In *Sweat v. Astrue*, No. 1:11-CV-57(WLS), 2012 WL 4094278 (M.D. Ga. Sept. 17, 2012), the court found the ALJ's own statements indicated the ALJ undertook an independent review to determine whether there was evidence to support an earlier disability onset date from a prior application.[9]  *Id.* at *5.  Citing to *Wolfe v. Chater*, 86 F.3d 1072, 1079 (11th Cir. 1996), the *Sweat* court determined the ALJ had reopened a prior decision and the court had jurisdiction to review the prior decision to the extent it had been reopened.  *Id.*  Similarly, in this case the ALJ's own statements demonstrate her intent, indeed her action, of reopening the November 2008 decision and consideration of its merits when she reversed that denial and found Plaintiff disabled as of March 17, 2007 (*see* Tr. 23; *also see* Tr. 17 ("Reversal-Favorable")).

---

[9]Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

"A final decision by the [Commissioner] will be deemed reopened if it is reconsidered on the merits to any extent and at any administrative level." *Cherry v. Heckler*, 760 F.2d 1186, 1189 (11th Cir. 1985) (internal quotes and citation omitted). A mere look at the previously proffered factual and legal support to determine if the new claim is the same as the earlier claim is insufficient to deem the earlier claim reopened. *Id.* Nonetheless, the reopening is purely a matter of administrative discretion. *Id.* Here, ALJ Martin took advantage of that discretion and reopened the earlier unfavorable decision. Finding Plaintiff was indeed disabled as of March 17, 2007 demonstrates ALJ Martin's consideration of the earlier proffered evidence of disability and her determination that the November 2008 unfavorable decision was incorrect. Although not determinative, additional support for the actual reconsideration is found within the administrative record that was before ALJ Martin. The table of contents for the administrative record explicitly refers to "prior record" medical evidence.

That the ALJ found good cause to reconsider the November 4, 2008 unfavorable decision on its merits is implicit in her statement of reopening that decision. As the ALJ reopened the earlier decision, it was incumbent upon the Appeals Council to find any error with that action when it was asked to review the ALJ Martin's decision and to reconsider the award notice dated March 29, 2011. The AC failed to do so.

Plaintiff's explicit request for reconsideration of the award notice, specifically brought the issue of the reopened decision before the Appeals Council (Tr. 200). The Appeals Council accepted the request for review, accepted into evidence the "Representative brief by attorney William E. Horne, Jr." as Exhibit 17E in the record, considered the presented

evidence, thereupon finding "this information does not provide a basis for changing the Administrative Law Judge's decision" and denying the request for review (Tr. 1-5). The record aptly demonstrates Plaintiff indeed adhered to following the requisite steps in the administrative review process, prior to filing this action in federal court.   As noted by the Eleventh Circuit, the Appeals Council decision not to review *finalizes* the decision made after a hearing by the administrative law judge, fulfilling the statutory requirements of section 405(g)" and thereby permitting the claimant to appeal his case to the district court. *Bloodsworth*, 703 F.2d at 1239.

The Court finds it was appropriate for Plaintiff to raise the reopened decision issue at the AC level, as the earlier case was reopened at the administrative hearing level. Appeal for review to the AC is the next step in the sequential evaluation process. Moreover, after accepting into evidence Plaintiff's brief regarding the reopening issue, the AC did not determine Plaintiff should turn his quest for reconsideration to an earlier step in the administrative review process; rather the AC found no reason to review the ALJ's decision (*see* Tr. 1-5).

Thus, contrary to Defendant's argument, Plaintiff exhausted his administrative remedies and properly petitioned the Court for review.  Even if, arguendo, Plaintiff had not properly challenged the Commissioner's "favorable" decision at every step in the administrative review of his 2009 applications, the Court would be inclined to find the Commissioner had waived that requirement on the facts of this case.  *See Mathews v. Eldridge*, 424 U.S. 319, 328 (1976) (finding the final decision requirement under 42 U.S.C. § 405(g) is comprised of the non-waivable element that a claim must have been presented

11

to the Social Security Administration and the waivable element that the required administrative remedies prescribed by the Commissioner be exhausted). To find otherwise would leave Plaintiff with no recourse for the sought relief.

As noted in *Pizarro v. Comm'r of Soc. Sec*, No. 6:12-cv-801-orl-37DAB, 2013 WL 869389, *4 (M.D. Fla. Jan. 24, 2013), several courts have broadly construed section 405(g) to permit judicial review in limited circumstances, in one case noting "where taking jurisdiction would not circumvent an orderly administrative mechanism or contravene a congressional policy regarding the timing of judicial review as in *Califano v. Sanders*, 430 U.S. 99, ... the exercise of jurisdiction is proper" (internal quotations and citations omitted). In *Pizarro*, the court found jurisdiction to review the plaintiff's social security disability appeal, despite the lack of a "final decision ... after a hearing" and the failure to exhaust administrative remedies. Pizarro, 2013 WL 869389 at * 4-*5. On the facts of this case, the Court finds Plaintiff obtained the requisite final decision by following the administrative review process and it is proper and just for the Court to assume jurisdiction.

Under the Commissioner's argument, Plaintiff did not exhaust his administrative remedies, despite have followed all steps in the requisite administrative review, and thus Plaintiff would be forever foreclosed from seeking benefits payments actually dating from determined onset date of disability because more than sixty days has passed since entry of that decision. *See Pizarro*, 2013 WL 869389 at *4 (citing to *Macheski v. Leavitt*, No. 4:06-CV-85 (CDL), 2007 WL 2710466, at *4 (M.D. Ga. Sept. 13, 2007) for the proposition that adoption of the defendant's argument would leave the plaintiff with no recourse whatsoever). The Eleventh Circuit has addressed such an untenable position saying it

12

makes "linguistic but not legal sense." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

Defendant points to the case of *McClenahen v. Comm'r of Soc. Sec.,* No. 6:09-cv-303-Orl-28GJK, 2010 WL 1851585 (M.D. Fla. Apr. 2, 2010), as persuasive authority that this action should be dismissed for lack of subject matter jurisdiction because administrative remedies were not exhausted.  The Court disagrees.  Similar to the instant case, McClenahen filed applications for both DIB and SSI.  *See id.* at *1.  McClenahen was granted SSI disability payments, but denied DIB.  At the administrative hearing, the ALJ affirmed McClenahen's SSI claim and again denied the DIB claim.  *Id.*  McClenahen prematurely filed his complaint in federal court before the Appeals Council issued a decision on his request to review the ALJ's denial of the DIB claim.  *Id.* at *1-*2. Subsequently, the AC granted McClenahen's DIB claim and the Notice of Award letter issued *after* the Appeals Council's decision.  *Id.* at *2-*4.  Thus, unlike this case, the Appeals Council in McClenahen did not have the opportunity to receive and review the award letter in contest.  Neither was a prior decision that denied the plaintiff's application for disability benefits reopened at any stage in the administrative review process in *McClenahen*.  Here, Plaintiff points to explicit evidence that the ALJ reopened a prior denial of his disability claims.  Here also, the issues of the award letter and the ALJ's decision were both before Appeals Council when it denied review, thus creating a final decision subject to review by this Court.  *See Bloodsworth*, 703 F.2d at 1239.

Upon review and consideration, the undersigned finds the reasoning and the conclusion in the case of *Lacy v. Apfel*, No. 2:97-CV-153-FTM-24D, 2000 WL 3315209

(M.D. Fla. Sept. 11, 2000), is persuasive.  Lacy's first application for disability insurance benefits was denied at the reconsideration level without further appeal.  *Id.* at *1.  Like Davis, Lacy filed a subsequent application claiming disability began on the same date as stated in the first application.  *Id.*  The ALJ in *Lacy* found she was disabled from her alleged onset date through a closed period of time that fell outside the twelve month period for retroactive payments of DIB.  *Id.* at *1; *see also* 20 C.F.R. § 404.622.  Here, even though the ALJ reopened the 2008 denial of the 2006 applications, Davis's disability benefits were assessed based on the 2009 application date, which placed approximately eleven months' of retroactive payments outside of the twelve month period.  As in the present case, Lacy appealed the ALJ's decision to the Appeals Council and thereafter filed her complaint in federal court.  *Id.*  Unlike this case, however, after the AC denied Lacy's request for review, Lacy then requested her application be reopened, which was expressly denied.  *Id.* Despite an interim remand and a determination by the AC that the ALJ in *Lacy* did not have authority to reopen the prior decision, the district court ultimately concluded a "de facto" reopening occurred in *Lacy*.  *Id.* at *3.  Citing to *Passopulos v. Sullivan*, 976 F.2d 642, 645 (11th Cir. 1992), the *Lacy* court found the ALJ reexamined the merits of the prior administrative decision, which constituted a reopening.  *Id.* (internal citation omitted).  The case was remanded with the direction that the disability insurance benefits be awarded for the closed period of disability determined under the reopened decision.  *Id.* at *5; *see also* *Press v. Massanari*, No. CIV. A. 01-959, 2002 WL 59341 (E.D. Pa. Jan. 16, 2002) (finding a de facto reopening of the plaintiff's DIB application previously denied, granting the

plaintiff's motion for summary judgment and remanding the action for a recalculation of the retroactive benefits owed to the plaintiff).

### Conclusion

For the reasons cited above, the undersigned finds ALJ Martin reopened the Commissioner's November 2008 denial of disability benefits, and in doing so found the earlier decision was erroneous to the extent Plaintiff was disabled as of March 17, 2007. ALJ Martin reconsidered the prior decision on its merits.  Plaintiff John Chauncey Davis exhausted his administrative remedies and properly brought this appeal to review the decision of the AC to deny review and to review the ALJ's decision for error in failing to cite to reopened November 4, 2008 decision.  This Court has authority to conduct the requested review under 42 U.S.C. § 405(g).  Defendant's Motion to Dismiss (Doc. #21) is **denied**.

Upon due consideration the Court finds ALJ Martin erred in her written decision by referring to the 2009 applications rather than the 2006 applications underlying the November 2008 reopened decision that previously denied Plaintiff's claims for disability benefits.  The Court further finds retroactive disability insurance benefits are due to be awarded Plaintiff as of March 17, 2007.  Therefore, this case is **REMANDED** to the Acting Commissioner of Social Security for additional proceedings consistent with this Order and Opinion.  The Clerk of Court is directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file.

Any motion for attorney fees under 42 U.S.C. § 406(b) **must be filed within thirty (30) days** of the date the Commissioner issues a "Notice of Award" or a "Important

Information" letter to the Plaintiff/claimant to award disability benefits.   *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 n. 2 (11th Cir. 2006) (recognizing under Fed. R. Civ. P. 54(d)(2)(B) the district court may enlarge the time for any attorney to petition for fees and suggesting time be stated in the judgment); *compare with* Fed. R. Civ. P. 54(d)(2)(B) and M.D. Fla. Loc. R. 4.18(a) (both requiring that unless a statute **or court order** provides otherwise, any motion for attorney fees must be filed no later than fourteen (14) days after entry of judgment) (emphasis added). This Order and Opinion does not, however, extend the time limits for filing a motion for attorney fees under the Equal Access to Justice Act.

      **DONE AND ORDERED** at Jacksonville, Florida this 20th  day of March, 2013.


Copies to all counsel of record

THOMAS E. MORRIS
United States Magistrate Judge

16